IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RANDALL N. HARVEY,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>        Defendant. | CIVIL ACTION NO.: 2:22-cv-68 |

## REPORT AND RECOMMENDATION

Defendant filed a Motion to Dismiss asserting Plaintiff failed to state a claim upon which relief can be granted. Doc. 9. Plaintiff has not filed a response, despite being ordered to do so, and the time for response has elapsed. Doc. 10. As described in more detail below, I **RECOMMEND** the Court **GRANT as unopposed** Defendant's Motion and **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, based on Plaintiff's failure to follow this Court's Order and failure to prosecute. As a result, I also **RECOMMEND** the Court **AFFIRM** the Commissioner's decision, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff, who is proceeding pro se and resides in Brunswick, Georgia, brought this 42 U.S.C. § 405 action on July 22, 2022. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. I granted Plaintiff's motion and directed the Clerk of Court to issue a Notice of Electronic Filing. Doc. 5. Defendant filed her Motion to Dismiss on August 18, 2023, and on August 21, 2023, I ordered Plaintiff to file a response to the Motion. Docs. 9, 10. I

warned Plaintiff his response was due within 14 days and the Court would presume he has no opposition to the Motion if he did not respond. Doc. 10 at 1. There is nothing before the Court indicating its Order was returned as undeliverable or otherwise failed to reach Plaintiff. The time for response has elapsed, and Plaintiff has not responded to Defendant's Motion to Dismiss.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order and failure to prosecute. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

### I.   Dismissal for Failure to Follow This Court's Order and Failure to Prosecute

A district court may dismiss claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). "A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with a court order." Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to

counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]").

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).  It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.  Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).[1]

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal

---

[1]   In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.  However, I warned Plaintiff his lack of response to the Motion to Dismiss could result in the dismissal of individual claims or his entire cause of action.  Doc. 10 at 1; see also Local R. 7.5 ("Failure to respond within the applicable time period shall indicate . . . there is no opposition to a motion.").

3

without prejudice for failure to prosecute § 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Plaintiff failed to follow this Court's Order, despite having ample opportunity to do so and being forewarned of the consequences of his failure to comply.  Doc. 10.  Thus, the Court should **GRANT as unopposed** Defendant's Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to failure to follow this Court's Order and failure to prosecute, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I also **RECOMMEND** the Court **AFFIRM** the Commissioner's decision.

II.     **Leave to Appeal *in Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's inaction, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT as unopposed** Defendant's Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and failure to prosecute, **AFFIRM** the decision of the Commissioner, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 11th day of September, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA